Approved: _____
LISA DANIELS
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Chief Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x
                                    :   **COMPLAINT**
                                    :
UNITED STATES OF AMERICA            :   Violations of
                                    :   18 U.S.C. §§
    - v. -                          :   2252A(a)(2)(B) and
                                    :   (b)(1), 2252A(a)(5)(B)
EFREM ZELONY-MINDELL,                :   and (b)(2), 2422(b) and
                                    :   2
          Defendant.                :
                                    :   COUNTY OF OFFENSE:
                                    :   NEW YORK
                                    :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   AARON SPIVACK, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE

(Distribution of Child Pornography)

   1.   From at least on or about May 2, 2022, up to and including at least on or about July 10, 2022, in the Southern District of New York and elsewhere, EFREM ZELONY-MINDELL, the defendant, knowingly distributed and attempted to distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, ZELONY-MINDELL distributed over the Internet, from Manhattan and to individuals located in Manhattan, images and videos of child pornography.

   (Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2.)

## COUNT TWO

(Possession of Child Pornography)

2.  From at least on or about May 2, 2022 up to and including at least on or about December 15, 2022, in the Southern District of New York and elsewhere, ZELONY-MINDELL knowingly possessed and accessed with intent to view, and attempted to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, ZELONY-MINDELL possessed in Manhattan, New York, and elsewhere, images and videos of child pornography, including on his cellular phone, including images and videos involving a prepubescent minor or a minor who had not attained 12 years of age.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

## COUNT THREE

(Attempted Enticement of a Minor)

3.  From at least on or about May 9, 2022 up to and including at least on or about December 15, 2022, in the Southern District of New York and elsewhere, ZELONY-MINDELL, the defendant, knowingly, using a facility and means of interstate and foreign commerce, persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, ZELONY-MINDELL used computers and/or telephones to communicate with an undercover FBI agent about arranging to engage in sexual activity with a purported 9-year-old boy and attempted to meet with the boy to engage in sexual activity.

(Title 18, United States Code, Sections 2422(b) and 2.)

4.  The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

5.      I am a Special Agent with the FBI and am currently assigned to a squad charged with enforcing federal laws prohibiting child pornography and other forms of child exploitation.  I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and other individuals, as well as my examination of reports and other records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported in this complaint, they are reported in substance and in part, except where otherwise indicated.

<u>Subject Account-1 Contacts Undercover Agent-1</u>

6.      Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, and my review of contacts and messages transmitted over the messaging service Scruff,[1] I have learned the following in substance and in part:

    a.      On or about February 16, 2022, a user account on Scruff named "e v a n" and associated with the user ID 107360040 ("Subject Account-1"), contacted an undercover law enforcement account on Scruff (the "Scruff UC Account").  Subject Account-1 asked, "how's it going."  Below is an image of Subject Account-1's Scruff profile.

---

[1] Scruff is a social media application for men seeking men that allows users to upload profiles and photos, and search for other members by location and shared interests, and chat with other members using a messaging function.



b. In or about April 2022, Subject Account-1 contacted the Scruff UC Account asking, in sum and substance, whether the Scruff UC Account was "into taboo." The Scruff UC Account responded, in sum and substance, that he had an interest in "taboo yng incest dad son" to which Subject Account-1 replied by asking whether the Scruff UC Account had an account on the encrypted messaging service Telegram. The Scruff UC Account responded stating that he had a Telegram account. Subject Account-1 then asked for the Scruff UC Account's Telegram account.

c. On or about April 29, 2022, the Scruff UC Account responded by providing an undercover law enforcement Telegram account name ("UC Account-1") to Subject Account-1.

The User of Subject Account-1 Switches to Telegram to Communicate with Undercover Agent-1 Regarding Pedophilia and Child Pornography

7. Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, and my review of messages and images transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

a. Beginning on or about April 29, 2022, a user account named "Evan Smith" ("Subject Account-2") contacted UC Account-1 over the encrypted messaging service called Telegram.

4

              i.       Subject Account-2 stated in sum and substance that the user of Subject Account-2 and the user of UC Account-1 had previously been communicating on Scruff regarding "taboo stuff."

              ii.      Below is an image of the exchange described in paragraph 7(a)(i) between Subject Account-2 and UC Account-1 for which the username has been redacted.

[Image of Telegram chat with "Evan Smith":

29 April 2022
ES Evan Smith — Hey — 20:30
How's it going — 20:31

1 May 2022
[redacted] Hey who this? — 19:18

2 May 2022
ES Evan Smith — We were talking on scruff — 00:08
[redacted] hey sorry could you remind me your name there? — 09:58
oh even, my bad! — 09:59
ES Evan Smith — Sure, it's Evan . We were talking about pervy/taboo stuff 😊 — 11:04]

      b.      On or about, May 2, 2022, Subject Account-2 continued communicating with UC Account-1 over Telegram. During the conversation:

              i.       Subject Account-2 stated, in substance and in part, that he had an interest in pedophilia and videos containing child pornography.

              ii.      Subject Account-2 asked: "Could we trade a face picture dude? Love seeing sexy pedo's." UC Account-1 responded with a photograph of a male's face. Subject Account-2 then sent the following photograph:

5



       iii.    Subject Account-2 asked, in sum and substance, where UC Account-1 lived. UC Account-1 responded, in sum and substance, that he lived in the Tribeca area of Manhattan. Subject Account-2 replied, in sum and substance, that he lived in the Washington Heights neighborhood in Manhattan.

<u>The Defendant was the User of Subject Account-1 and Subject Account-2</u>

8. Based on my conversations with other law enforcement officers, my review of law enforcement reports and records, and my review of contacts and messages transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

    a. The user profile for Subject Account-2 is associated with a phone number (the "7900 number").

9. Based on my conversations with other law enforcement officers, my review of law enforcement reports and records, and my review of open source internet searches, I have learned in substance and in part that:

    a. The 7900 number was listed on a personal webpage for EFREM ZELONY-MINDELL, the defendant. The webpage provided the defendant's personal information including a photograph, email address, and the 7900 number.

10. Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, Google records, and internet

6

service provider records I have learned the following, in substance and in part:

    a. The email address listed on the defendant's personal webpage is subscribed to in the name of "Efrem Zelony-Mindell."

    b. The IP address associated with the email address is subscribed to in the name of "Efrem Zelony-Mindell" and lists the 7900 as the contact phone number.

11. Based on my training and experience, my involvement in this investigation, and my review of photographs from the personal webpage referenced in paragraph 9(a), Subject Account-1, and Subject Account-2, I believe that the individual in the photographs is the same person, EFREM ZELONY-MINDELL, the defendant.

<u>The Defendant's Distribution of Child Pornography to Undercover Agent-1 Over Telegram</u>

12. Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, and my review of messages, images, and videos transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

    a. Beginning on or about May 2, 2022, EFREM ZELONY-MINDELL, the defendant, used Subject Account-2 to send UC Account-1 videos and images containing child pornography. For example:

        i. On or about May 2, 2022, Subject Account-2 sent UC Account-1 a video depicting an adult male raping an approximately 11-year-old boy by penetrating him anally.

        ii. On or about May 4, 2022, Subject Account-2 sent UC Account-1 two images containing child pornography. The first image depicted an approximately 4-year-old boy being forced to perform oral sex on an adult male. The second image depicted an adult male restraining an approximately 12-year-old boy whose penis and anus were exposed.

    b. On or about May 6, 2022, the username for Subject Account-2 changed from "Evan Smith" to "Evan Shawn."

c. After May 6, 2022, Subject Account-2 continued to send UC Account-1 videos and images containing child pornography. For example:

   i. On or about May 20, 2022, Subject Account-2 sent UC Account-1 an image depicting a nude boy, approximately 10 years old, crouching over the face of an adult male who is masturbating and licking the anus of the boy.

   ii. On or about May 25, 2022, Subject Account-2 sent UC Account-1 two images. The first image depicts an adult male licking the anus of an approximately 8-year-old boy. The second image depicts a nude boy who is approximately 6 years old lying face down on a bed.

   iii. On or about May 29, 2022, Subject Account-2 sent UC Account-1 one video and two images. The video depicts a nude boy, approximately 10 years old, being forced to perform oral sex on an adult male. The first image depicts an adult male raping a young girl, approximately 8 years old, by penetrating the girl vaginally. The second image depicts a nude boy, approximately 7 years old, with his legs spread showing his genitals and anus.

<u>The Defendant Begins Communicating with Undercover Agent-2 Over Telegram</u>

13. Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, and my review of messages transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

   a. On or about May 9, 2022, EFREM ZELONY-MINDELL, the defendant, and user of Subject Account-2, contacted UC Account-1 over Telegram. During the conversation, UC Account-1 represented that a friend with a 9-year-old child would be willing to meet the user of Subject Account-2 over Telegram. The purported friend was a law enforcement officer acting in an undercover capacity and the purported 9-year-old child was fictitious. UC Account-1 shared a Telegram username for the purported friend ("UC Account-2") and Subject Account-2 responded: "Thanks dude." Approximately four minutes later, Subject Account-2 stated that he had just messaged UC Account-2.

   b. On or about May 9, 2022, Subject Account-2 contacted UC Account-2 on Telegram stating, in sum and substance, that he was a friend of UC Account-1 and that UC

Account-1 had been telling him about UC Account-2's child. Subject Account-2 stated that he "[w]ould love to come hangout with [the child]."

  c. On or about May 10, 2022, Subject Account-2 communicated with UC Account-2 over Telegram and stated, in sum and substance, that he lived in Washington Heights in Manhattan.

  d. On or about May 11, 2022, UC Account-2 responded to Subject Account-2 over Telegram, representing that he was based in Tribeca in Manhattan.

### The Defendant's Distribution of Child Pornography to Undercover Agent-2 Over Telegram

14. Based on my conversations with other law enforcement officers involved in this investigation, my review of law enforcement reports and records, and my review of messages, images, and videos transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

  a. Beginning on or about June 1, 2022, Subject Account-2 sent UC Account-2 videos and images containing child pornography. For example:

   i. On or about June 1, 2022, Subject Account-2 sent UC Account-2 an image depicting an adult male with erect penis exposed pinning the legs of a boy over the boy's head with his pants pulled down to expose his anus and penis. The boy is approximately 13 years old.

   ii. On or about July 7, 2022, Subject Account-2 sent UC Account-2 a video depicting a child under the age of approximately 10 years old being raped by an adult male who is penetrating the child anally.

   iii. On or about July 10, 2022, Subject Account-2 sent UC Account-2 an image depicting a boy under the age of approximately 10 years old, bending over a bed exposing his anus and testicles. UC Account-2 asked where Subject Account-2 got his child pornography. Subject Account-2 stated that he "used to be in chat rooms," has "a separate phone for perv atuff [sic]," and has "a shit ton on this phone."

### Attempted Enticement of a Minor Child

15. Based on my involvement in this investigation, conversations with other law enforcement officers involved in

9

this investigation, my review of law enforcement reports and records, phone records, including recorded calls, and messages, images, and videos transmitted over the encrypted messaging app Telegram, I have learned the following, in substance and in part:

    a. Beginning on or about May 9, 2022, Subject Account-2 started communicating with UC Account-2 regarding Subject Account-2 having sex with UC Account-2's purported 9-year-old son.

    b. On or about May 31, 2022, UC Account-2 called Subject Account-2 over Telegram. On the call, Subject Account-2 stated that he was "down" "100 percent" to meet the purported 9-year-old boy. Subject Account-2 asked, in sum and substance, what the limits were with the child and stated, in sum and substance, that he wanted to have sex with the child. UC Account-2 stated that the child would be on sleep medication during the planned sexual activity so that he would be "knocked out a little bit." Subject Account-2 responded "Yeah, totally." Subject Account-2 and UC Account-2 discussed potentially meeting the next day.

    c. On or about June 29, 2022, Subject Account-2 informed UC Account-2 that Subject Account-2 no longer lived in New York.

    d. On or about October 3, 2022, Subject Account-2 communicated with UC Account-2 over Telegram and stated: "I want to have sex with your son dude. It's honestly all I think about. You watching us together." Subject Account-2 stated also "I'm looking at December 15-23" to visit New York. Several messages later, Subject Account-2 stated "You really want your kid to take my dick? Cause if we get together I'm absolutely going to fuck him."

    e. On or about October 13, 2022, Subject Account-2 sent a message to UC Account-2 over Telegram stating: "Do you want to phone chat again? Just to catch up and make sure we're on the same page about all this? If that's cool."

    f. On or about October 17, 2022, Subject Account-2 called UC Account-2 over Telegram. On the call, EFREM ZELONY-MINDELL, the defendant, stated, in sum and substance, that he planned to visit New York from December 15 through 22, 2022 and asked UC-2 whether UC-2 was serious about meeting. ZELONY-MINDELL expressed his desire, in sum and substance, to meet for

purposes of engaging in sexual activity with UC-2's purported 9-year-old child.

   g. On or about November 7, 2022, Subject Account-2 and UC Account-2 agreed to communicate by text message. Subject Acocunt-2 provided the 7900 number and communicated with the undercover agent ("UC-2") from that number.

   h. On or about December 2, 2022, ZELONY-MINDELL called UC-2 from the 7900 number to discuss his visit to New York. The defendant and UC-2 planned to meet on December 16, 2022 for the defendant to engage in sexual activity with the purported 9-year-old child. During the call, the defendant requested that he and UC-2 exchange photographs of their faces. The defendant sent the following photograph and noted that his tattoos match those seen in other photographs that the defendant previously had sent UC-2.



   i. On or about December 8, 2022, UC-2 called the defendant on the 7900 number.

   j. On or about December 14, 2022, ZELONY-MINDELL contacted UC-2 over text message from the 7900 number. ZELONY-

11

MINDELL and UC-2 agreed to meet on Friday, December 16, 2022, at 9 a.m. at a coffee shop in the vicinity of Duane Street between Greenwich Street and Hudson Street in Manhattan.

      k. On or about December 15, 2022, ZELONY-MINDELL sent UC-2 a text message from the 7900 number stating, in substance and in part, "i can't wait to taste his sexy little 9'year old penis."

      l. On or about December 16, 2022, ZELONY-MINDELL sent UC-2 a text message stating that he was on his way to the coffee shop. Law enforcement responded stating "meet me at corner of Hudson and Duane."

16. Based on my involvement in this investigation, conversations with other law enforcement officers involved in this investigation, I have learned the following, in substance and in part:

      a. On or about December 16, 2022, the defendant, EFREM ZELONY-MINDELL, arrived in the vicinity of Duane Street and Hudson Street in Manhattan at approximately 9:48 a.m., at which time he was arrested.

      b. After his arrest, ZELONY-MINDELL waived his *Miranda* rights and agreed to talk to law enforcement. During the interview, ZELONY-MINDELL admitted, in sum and substance, to possessing and distributing child pornography. In addition, he stated, in sum and substance, that he intended to meet UC-2 in order to meet UC-2's purported 9-year-old child and that the purpose of meeting the child was to engage in sexual conduct.

17. Based on my involvement in this investigation, my review of law enforcement reports and records, and images from Scruff, Telegram, the 7900 number, and open source internet research, I know that the EFREM ZELONY-MINDELL, the defendant, who appeared at the location described in paragraph 16(a) on December 16, 2022 is the same person as the individual in the user profile picture for Subject Account-1 described in paragraph 6(a), the individual in the photograph sent from Subject Account-2 described in paragraph 7(b)(ii), and the individual in the photograph sent from the 7900 number described in paragraph 15(h).

WHEREFORE, deponent respectfully requests that ZELONY-MINDELL, the defendant, be imprisoned or bailed, as the case may be.

/s/ Aaron Spivack, by the Court, with permission
_____
Aaron Spivack
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission
of this Complaint by reliable electronic means
pursuant to Federal Rules of Criminal Procedure
41(d)(3) and 4.1, this
__16th__ day of December, 2022

_____
JAMES L. COTT
United States Magistrate Judge